UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL D. RADER, VINCENT SEALY, et al., | No. 2:10-cv-00222-MCE-GGH |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| HERBERT C. BRUISTER, AMY O. SMITH, JONDA HENRY, ROBERT EDDY, and BRUISTER FAMILY LLC, | |
| Defendants. | |

----oo0oo----

Through the present action, Plaintiffs seek redress for alleged violations of the Employee Retirement Income Security Act ("ERISA") in connection with several complex transactions relating to Bruister & Associates, Inc. ("B&A") and the Bruister and Associates Employee Stock Ownership Plan.

///

///

///

Presently before the Court are Motions to Dismiss for improper venue brought on behalf of Defendant Robert Eddy ("Defendant Eddy") and on behalf of Defendant Herbert C. Bruister, Amy O. Smith, Jonda C. Henry and the Bruister Family Limited Liability Company (hereinafter collectively referred to as "Bruister Defendants" unless otherwise indicated) pursuant to Federal Rule of Civil Procedure 12(b)(3).[1] Alternatively, the Bruister Defendants seek to transfer venue of this matter to the United States District Court for the Southern District of Mississippi in accordance with 28 U.S.C. § 1404(a). For the reasons set forth below, Defendants' Motion to Dismiss for improper venue will be denied. The Court will, however, order transfer this matter to the Southern District of Mississippi for the convenience of the parties and witnesses.

**BACKGROUND**

At all times relevant to this action, B&A provided residential and commercial installation services for cable and satellite television. The company now known as Southeastern Ventures, Inc., is a Mississippi corporation with headquarters located in Meridian, Mississippi and additional offices elsewhere in Mississippi, Tennessee, Alabama, Georgia, and Louisiana. Pls.' Compl., ¶ 12. The named Plaintiffs to the instant action are Tennessee residents.

///

---

[1] The Eddy Motion also relies on 28 U.S.C. § 1406 as authority for dismissal on the basis of improper venue.

2

B&A has never done business in California, has never had an office in California, and has no employees in California. Decl. Of Herbert C. Bruister, April 9, 2010 ("Bruister Decl."), ¶ 4.

B&A established an Employee Stock Ownership Plan ("ESOP") on or about January 1, 2002. By December 21, 2004, the ESOP owned some 69.9 percent of outstanding B&A shares. According to the Complaint, in 2005 B&A began planning a series of transactions that would transfer 100 percent of the company's ownership to the ESOP. The first step in that program consisted of the stock purchase itself. An asset purchase was thereafter contemplated.

On or about December 13, 2005, the stock purchase transaction was consummated. Plaintiffs, who are participants in the ESOP, allege that the shares were transferred at a price substantially in excess of their fair market value. They have sued the trustees of the ESOP, Defendants Herbert Bruister, Jonda Henry, and Amy Smith, for breach of their fiduciary duties in authorizing the transfer. Bruister and Henry are Mississippi residents; Smith lives in Panama City Beach, Florida.

The only Defendant with any California connection is Robert Eddy, who resides in Truckee, California. Eddy, however, alleges that he was not retained by the ESOP until December 15, 2005, two days after the stock ownership transfer referenced above took place. He argues that under the terms of his Engagement Agreement, he was retained as a fiduciary only with respect to the proposed asset sale that was slated to occur after the B&A stock had been transferred to the ESOP. Decl. of Robert Eddy, ¶ 4.
///

Both Defendants Eddy and Bruister contend that venue in California is improper because the only basis for that venue rests with Eddy's California residence. They assert that Eddy is not a proper Defendant to this lawsuit because the asset sale for which he was retained as a fiduciary never occurred, and he was not a trustee with respect to the December 13, 2005 stock transfer that Plaintiffs claim was wrongful. Defendants accordingly request dismissal of the case for improper venue since it has no viable link to California. Alternatively, as indicated above, the Bruister Defendants ask that if the matter is not dismissed it be transferred to Mississippi on grounds that the transactions at issue occurred in Mississippi, the alleged fiduciary breach took place in Mississippi, the documents and records pertaining to the ESOP are in Mississippi, and the majority of the witnesses and parties are located in Mississippi. The Bruister Defendants claim that Mississippi is the proper forum for adjudicating the lawsuit.

**STANDARD**

**A.  Motion to Dismiss for Improper Venue**

Both Federal Rule of Civil Procedure Rule 12(b)(3)[2] and 28 U.S.C. § 1406(a) authorizes the Court to dismiss an action on grounds that venue is improper.

///

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

Because this case, in pertaining to an employee benefit plan, comes within the purview of ERISA, venue here is governed by 29 U.S.C. § 1132(e)(2), which provides as follows:

> "Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."

If the requirements of §1132(e)(2), are not satisfied, venue is improper. Waeltz v. Delta Pilots Retirement Plan, 301 F.3d 804, 806-07 (7th Cir. 2002).

Plaintiffs have the burden of proof to show that venue is proper in this district. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005). Unlike a motion to dismiss for failure to state a viable claim under Rule 12(b)(6), on a motion for improper venue under Rule 12(b)(3) "the pleadings need not be accepted as true and the court may consider supplemental written materials and consider facts outside the pleadings" in its adjudication. Kelly v. Qualitest Pharm, Inc., 2006 WL 2536627 at *7 (E.D. Cal. 2006) (citing Murphy v. Scheider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).

The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976).

///
///
///

5

**B.  Motion to Transfer**

A court may transfer a case to another district for the convenience of parties and witnesses, and in the interests of justice. 28 U.S.C. § 1404(a) provides for such transfer, stating in pertinent part as follows:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought."

The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). As the language of the transfer statute suggests, in order to prevail on a motion to transfer under § 1404(a), the moving party must show that the new forum is one in which the action could originally have been brought. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Once the Court determines a case could have been brought before the proposed transferee court, here the Southern District of Mississippi, it must consider a number of private and public factors relating to the interests of the parties and the judiciary, including 1) plaintiff's choice of forum; 2) convenience of the parties; 3) convenience of the witnesses; 4) ease of access to the evidence; 5) familiarity of each forum with the applicable law; 6) local interest in the controversy; and 7) administrative difficulties flowing from court congestion in the respective potential forums. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

**ANALYSIS**

**A. Venue in this District is not Improper.**

Under the three factors governing the propriety of venue in an ERISA action like the present lawsuit,[3] Plaintiffs cannot contend that a California forum is appropriate on grounds either that the ESOP was administered in California, or that the breach in question occurred in this state. Instead, it appears undisputed that the ESOP was administered in Mississippi. Moreover, given the fact that the 2005 Stock Purchase Agreement at issue here was signed by Defendants Bruister, Henry and Smith, as trustees of the ESOP, in Meridian, Mississippi, it is equally clear that the breach of fiduciary duty alleged to have occurred through that purchase also occurred in Mississippi.[4]

///
///
///
///

---

[3] See 29 U.S.C. § 1132(e)(2) as discussed supra.

[4] Plaintiffs suggest that actionable breaches may also have occurred in California given the fact that an attorney who allegedly structured the transactions was located in Napa, California, and given the fact that an appraiser retained by B&A was then located in San Francisco. Attorneys, accountants and consultants performing their usual professional functions, however, are not ordinarily considered fiduciaries, and consequently cannot be liable for a breach based on such status. See 29 C.F.R. 2509.75-5; see also 29 C.F.R. 2509.75-8, D-2 (individuals who perform administrative functions for an employee benefit plan, including making recommendations to others for decisions with respect to plan administration, are not fiduciaries); Yeseta v. Baima, 837 F.2d 380, 385 (9th Cir. 1988) (attorneys, accountants and other professionals are not fiduciaries when they perform their usual professional functions and exercise no discretion over trust).

7

1    Consequently, if venue is indeed proper in California, it must be because of Defendant Robert Eddy's residence here. Defendants argue, however, that because Eddy has no conceivable liability with respect to the December 13, 2005 Stock Purchase Agreement, his inclusion as party to this matter was fraudulent and must be disregarded in determining venue. As indicated above, Defendants point to Eddy's Engagement Agreement executed on December 15, 2005, two days after the stock purchase took place, as conclusive in establishing that Eddy could not have been a fiduciary when the stock was purchased. Rather, according to Eddy, his role was limited to representing the ESOP in the subsequent proposed asset sale, a sale that never occurred. Eddy Decl., ¶¶ 4, 7. Defendants correctly point out that under Section 409(b) of ERISA, "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty under this title if such breach was committed before he became a fiduciary." 29 U.S.C. § 1109(b).

The problem with Defendants' position in this regard is that Plaintiffs have presented evidence disputing the veracity of Eddy's version of events. Documents attached to the Declaration of Charles P. Yezbak indicate that as early as November 16, 2005, nearly a month before the stock transaction closed, Eddy was involved in determining how to have the B&A stock valued. See Eddy Opp., Ex. 2. Said documents also suggest that Eddy may have attended meetings prior to the December 13, 2005 sale, and was further provided with a stock evaluation (which Plaintiffs now claim was inflated) before the ESOP purchase was consummated.
///

While Defendants claim that these activities merely represented an attempt on behalf of the ESOP to keep Eddy "in the loop" with regard to his future duties as a fiduciary for the next phase of reorganization plan (the asset purchase), an inference can certainly be drawn from the documents in question that Eddy's involvement was not passive, and instead amounted to active and knowing participation in the professional team engineering the stock purchase.

For purposes of the present Motion to Dismiss, all reasonable inferences must be drawn in favor of Plaintiffs, as the non-moving party, and any factual conflicts must also be resolved in Plaintiffs' favor. Murphy v. Schneider Nat'l. Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2004). Consequently, at this stage of the proceedings, having drawn those inferences in Plaintiffs' favor, and without the benefit of any discovery showing otherwise, this Court cannot find that Eddy's inclusion in this lawsuit is fraudulent and that venue here in the Eastern District of California is inappropriate.

The Court's conclusion in this regard is not altered by Defendants' contention that the parol evidence rule precludes consideration of anything outside the scope of Defendant Eddy's Independent Fiduciary Agreement executed on December 15, 2005. The Engagement Agreement does contain an integration clause providing, in pertinent part, that it "supersedes all prior agreements and understandings between the parties." See Engagement Agreement, Ex. A. to the Eddy Decl., ¶ 23.

///

///

9

Even Plaintiffs agree, however, that this only precludes the introduction of written or oral evidence contradicting the terms of the Engagement Agreement itself. Extra-contractual evidence may in fact be presented if it is not contradictory and if the parties did not intend the written agreement to be an exclusive statement of their agreement. U.S. v. Triple A Mach. Shop, Inc., 857 F.2d 579, 585 (9th Cir. 1988).

Here, the Engagement Agreement extends only to Eddy's engagement as an independent fiduciary for the "Transaction", which is specifically defined as the proposed asset sale to occur after the stock purchase has been effectuated. See Eddy Decl., Ex. A, p. 1 under "Purchase". The remainder of the Agreement provides repeatedly to Eddy's status only "in connection with the Transaction". See id. at ¶¶ 1, 2, 4. The Agreement does not state that the asset sale is the only area in which Eddy may serve as a trustee. Consequently, the evidence proffered by Plaintiffs suggesting that Eddy may have served as a de facto trustee for the stock purchase as well is not necessarily inconsistent with the Engagement Agreement. Additionally, because the evidence in question further suggests that the parties may well have intended just such an arrangement, the parol evidence rule does not bar consideration of that evidence.
///
///
///
///
///
///

### B. Transfer to the Southern District of Mississippi is Indicated.

As stated above, in determining the propriety of transfer under 28 U.S.C. § 1404(a) the Court must first look to whether the proposed transferee district, here the Southern District of Mississippi, is one in which Plaintiffs' action could originally have been brought. <u>Commodity Futures Trading Comm'n v. Savage</u>, <u>supra</u>, 611 F.2d at 279. If that inquiry yields a positive result, the Court must then examine a number of factors relating to the interests of both the parties and the judiciary, including the plaintiffs' choice of forum, the convenience of the parties and the witnesses, access to evidence, local interests, and relative court congestion. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, <u>supra</u>, 805 F.2d at 843.

The preliminary question is easily answered. It appears uncontroverted that the ESOP in question was administered within the Southern District of Mississippi and that both Defendants Bruister and Henry both resided there. Bruister Decl., ¶¶ 1, 7; Henry Decl., ¶ 1. As such, venue within the Southern District of Mississippi is proper under 29 U.S.C. § 1132(e)(2).

We now turn to the remaining considerations that must be weighed in determining whether a transfer from California to Mississippi is appropriate. Although Plaintiffs' choice of a California forum is typically entitled to substantial deference, that deference is lessened where, as here, Plaintiffs purport to bring their action in a representative capacity.

///
///

Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); see also Pls.' Compl., ¶ 10 (indicating that Plaintiffs bring their action "on behalf of the ESOP as a whole") and Bruister Decl., ¶ 14 (ESOP had some 963 participants in 2008).

Any deference accorded to Plaintiffs' choice of forum must also be reduced where the actionable breaches did not occur in California, and where California has little interest in either the parties or the subject matter of the lawsuit. Lou v. Belzberg, 834 F.2d at 739. Here, as set forth above, the allegedly offending stock purchase took place within the Southern District of Mississippi, where the ESOP was administered, and not in California. Additionally, the named Plaintiffs are from Tennessee;[5] two of the individually named Defendants reside in Mississippi, a third lives in Florida. Only Defendant Eddy has any connection to California. All of this indicates that California's stake in this action is, at best, minimal, a conclusion which again militates against Plaintiffs' choice of a venue here in California.

The respective location of the parties as outlined above also points towards a Mississippi rather than a California venue under a convenience analysis. That analysis as applied to likely witnesses also favors Mississippi over California.

///

---

[5] According to Defendant Bruister's Declaration, of the total 963 ESOP participants who the Plaintiffs purport to represent, 242 resided in Mississippi, 239 resided in Tennessee, 222 resided in Alabama, 98 resided in Georgia, 74 resided in Florida, 73 resided in Kentucky, one resided in North Carolina and one resided in Virginia. Not a single participant resided in California, let alone anyplace outside the southeast portion of this country.

12

Most of the witnesses identified by the parties are either in Mississippi or surrounding southeast states like Alabama, Tennessee and Florida. Matthew Donnelly, who prepared the allegedly inflated stock appraisal, lives in New Jersey and would have to travel whether or not this matter is heard in Mississippi or here in California. Aside from attorneys headquartered in Napa, California (a location not within this District)[6] and an independent appraiser for Bruister & Associates, Inc. located in Irvine, California (also not within this District), none of the likely witnesses are from California.

With respect to access to evidence, it appears that all records pertaining to both the ESOP and to Bruister and Associates, Inc. (now known as Southeastern Ventures, Inc. ("SVI")) are maintained in Mississippi. Bruister Decl., ¶¶ 3, 7. Moreover, the availability of subpoena power for trial witnesses also weights in favor of a Mississippi venue, since the vast majority of trial witnesses appear to reside outside the 100 mile subpoena radius of this District. See Fed. R. Civ. P. 45(b)(2).

///
///
///
///
///
///

---

[6] While Plaintiffs indicate that the ESOP's recordkeeper also works out of Napa, according to Defendants that company, AdminESOP, Inc., was not involved in recordkeeping for the subject ESOP during the plan years at issue in this lawsuit, since it was not retained until June 27, 2007. See Bruister Reply Decl., May 6, 2010, ¶ 3.

The weight of local interests also tips overwhelmingly in favor of Mississippi as opposed to California. SVI's corporate offices are in Mississippi, where its employees and some 25 percent of the ESOP participants are located (with the majority of the remainder living in states immediately adjacent to Mississippi).

Finally, concerns pertaining to court congestion also favor a Mississippi forum. It is well known that this Court is among the busiest in the entire United States. The Bruister Defendants point to statistics showing that the Eastern District of California had some 6,879 civil cases pending as of September 30, 2009, whereas the Southern District of Mississippi had only a third as many at 2,259. See Def. Bruister's Opening Points and Authorities, p. 17. The median time between filing and trial in this District was similarly calculated at 42.2 months, almost twice as long as the corresponding figure of 24.0 months for the Southern District of Mississippi. Id. Relative court congestion is therefore another reason weighing in favor of transfer under 28 U.S.C. § 1404(a).

**CONCLUSION**

Based on the foregoing, Defendant Eddy's Motion to Dismiss for Improper Venue (Docket No. 32) is DENIED. To the extent that the Bruister Defendants seek dismissal on grounds of improper venue, their Motion (Docket No. 33) is also DENIED.

///
///

14

The Bruister Defendants' alternative request that this lawsuit be transferred under 28 U.S.C. § 1404(a) is, however, GRANTED.[7] The Clerk of Court is directed to transfer this case to the Southern District of Mississippi.[8]

IT IS SO ORDERED.

Dated: May 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 230(g).

[8] The Court notes that the Bruister Defendants have also filed a Motion (Docket No. 44) seeking a protective order and a stay of all proceedings pending disposition of the Motions that are the subject of this Memorandum and Order. That Motion is DENIED as moot.

15